IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>D-RAYLE MONTEY NELSON,<br><br>Defendant. | Case No. 24-CR-00276-SEH |

## OPINION AND ORDER

Before the Court is Defendant D-Rayle Nelson's motion to dismiss the indictment. [ECF No. 21]. For the reasons provided below, the motion is denied.

A federal grand jury charged Nelson in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [ECF No. 2]. He now moves to dismiss the indictment, contending that § 922(g)(1) is unconstitutional as applied to him. [ECF No. 21 at 2]. The government filed a response [ECF No. 24], to which Nelson replied. [ECF No. 30].

Defendant's motion is analogous to motions filed across the country challenging the constitutionality of federal felon-in-possession statutes like § 922(g)(1) following the Supreme Court's decisions in *New York State Rifle &*

*Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. \_\_\_, 144 S. Ct. 1889 (2024). The undersigned has recently issued several rulings on motions raising the same challenge. *United States v. Sutton*, No. 24-CR-00168-SEH, 2024 WL 3932841 (N.D. Okla. Aug. 23, 2024); *United States v. Wallace*, No. 24-CR-00121-SEH, 2024 WL 4256707 (N.D. Okla. Sept. 20, 2024); *United States v. Ellett*, No. 24-CR-00193-SEH, 2024 WL 4476662 (N.D. Okla. Oct. 11, 2024); *United States v. Lewis*, No. 24-CR-00288-SEH, 2024 WL 4604388 (N.D. Okla. Oct. 29, 2024). The defendants in these cases argued that § 922(g)(1), the federal felon-in-possession statute that criminally prohibits convicted felons from possessing firearms and ammunition, violates their Second Amendment right to keep and bear arms.

The arguments raised by Nelson are like those made by the defendants in *Sutton*, *Wallace*, *Ellett*, and *Lewis*. As Nelson concedes in his reply, his motion is nearly identical to the motions filed in *Wallace* and *Ellett*. [ECF No. 30 at 1]. In response, the government asserts essentially the same arguments as those it argued before the Court in these other cases. [ECF No. 24]. Therefore, for the reasons the Court set forth in *Sutton*, *Wallace*, *Ellett*, and *Lewis*, the Court denies Nelson's motion.

The Court's fundamental finding remains the same: *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009) remains binding Tenth Circuit precedent, and this Court is obligated to follow that decision and deny

Nelson's motion. *See United States v. Curry*, No. 23-1047, 2024 WL 3219693 at *4 (10th Cir. June 28, 2024) (unpublished) ("Without en banc consideration or clear Supreme Court directive, *Vincent* and *McCane* control."). However, even if the Court were not bound to follow *McCane* and applied the framework set out in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) the result would be the same. This Nation's historical tradition of firearm regulation at and around the time of Founding includes laws that are analogous to the contemporary disarmament of convicted felons like Nelson. *Sutton*, 2024 WL 3932841, at *9. Therefore, § 922(g)(1) is a valid exercise of congressional authority. Nelson's motion to dismiss the indictment [ECF No. 21] is DENIED.

DATED this 30th day of October, 2024.

_Sara Hill_
Sara E. Hill
UNITED STATES DISTRICT JUDGE